Filed 8/16/22 P. v. Villa CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANTONIO VILLA,<br><br>    Defendant and Appellant. | H049140<br>(Santa Cruz County<br>Super. Ct. No. 18CR03273) |

**MEMORANDUM OPINION[1]**

This is the second appeal in this matter. In 2018, a jury found defendant Antonio Villa guilty of spousal battery causing corporal injury with a prior spousal battery conviction. (Pen. Code, § 273.5, subd. (f)(1).)[2] The trial court found Villa had suffered a prior strike conviction and three prior prison terms. (§§ 667, subds. (b)-(i), 667.5, subd. (b).) The trial court imposed a total prison term of 10 years, consisting of the middle term doubled to eight years for the strike prior, plus two consecutive one-year terms for two of the prior prison term enhancements.

In his first appeal, Villa argued his prior prison terms should be stricken under a retroactive application of Senate Bill No. 136, which eliminated most types of prior

---

[1] We resolve this case by memorandum opinion under California Standards of Judicial Administration, section 8.1. (See also *People v. Garcia* (2002) 97 Cal.App.4th 847, 853-855.) The facts of the offense are not set forth in the record.

[2] Subsequent undesignated statutory references are to the Penal Code.

prison term enhancements including those that had been imposed on Villa.[3]  We concluded the claim was meritorious, so we reversed the judgment and remanded for the trial court to strike those enhancements and resentence Villa.  On resentencing, the trial court again imposed a total term of 10 years, this time consisting of double the upper term of five years.

In this second appeal, Villa contends we should remand for resentencing again based on the newly enacted Senate Bill No. 567 (Senate Bill 567), which amended section 1170 to limit the trial court's discretion to impose upper terms.  The Attorney General concedes we must remand for resentencing on this ground.

The concession is well taken.  Effective January 1, 2022, Senate Bill 567 amended section 1170, former subdivision (b) by making the middle term presumptive in the absence of certain circumstances.  (*People v. Flores* (2022) 73 Cal.App.5th 1032, 1038 (*Flores*).)  Under subdivision (b)(2) as amended, "The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."  (§ 1170, subd. (b)(2).)

Here, the trial court at resentencing did not cite any circumstances in aggravation that could have justified imposition of the upper term; the court simply stated it believed our prior opinion in this matter gave it the discretion to impose another 10-year term and that such a term was "appropriate."  Nothing in the record indicates that Villa stipulated to any facts underlying any aggravated circumstances or that such facts were found beyond a reasonable doubt by a jury or the trial court.  Furthermore, the amended version of section 1170, as an ameliorative change in the law, applies retroactively to all nonfinal

---

[3] *People v. Villa* (Feb. 21, 2020, H046515) [nonpub. opn.].

convictions on appeal. (*Flores*, *supra*, 73 Cal.App.5th at p. 1039.) Villa's case is not yet final, so he is entitled to the benefit of the new law. Accordingly, we will reverse the judgment and remand to the trial court for resentencing consistent with section 1170 as amended.

## DISPOSITION

The judgment is reversed, and the matter is remanded to the trial court for resentencing under Penal Code section 1170, as amended by Senate Bill No. 567.

_____
Greenwood, P. J.

WE CONCUR:


_____
Grover, J.


_____
Lie, J.


H049140
People v. Villa